UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      Case No. 13-20947

RICARDO FONVILLE,

    Defendant.
                                                     /

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR SUPPRESSION OF EVIDENCE**

    Following his arrest and indictment on one count of possession with intent to distribute crack cocaine, Defendant Ricardo Fonville moves to suppress the government's evidence, alleging violation of his Fourth Amendment rights. On March 10, 2014, the court held a hearing to hear testimony and argument on the motion. The government presented the testimony of Detroit Police Sergeant Darren Johnson and Border Patrol Agent Jeremy Kenyon; Defendant also testified. For the following reasons, the court will deny Defendant's motion.

### I. BACKGROUND

    Defendant testified that on October 17, 2013, he was driving on I-94 when he was stopped by police officers. The officers told Defendant that he was stopped for committing a civil traffic infraction by changing lanes without signaling, an allegation Defendant denies. Defendant testified that the officers ordered him to step out of the vehicle in order to conduct a "pat down." They ordered him to sit on the side of the road, and wait while they searched his vehicle. Defendant told officers that he may have

an outstanding Friend of the Court warrant.  The officers arrested Defendant and secured him in the back of the patrol car.  At this point, Defendant claims the officers searched his vehicle on the side of the road, without his consent.  Defendant also testified that a Border Patrol Agent arrived on the scene with a drug-sniffing dog, and that the dog did not seem to alert to any drugs.  The police transported Defendant to a local precinct, where he sat in the patrol car for an hour while the police searched his car.  Defendant stated that the police took the drug-sniffing dog through the car "about 9 or 10 times" but that the dog did not alert to any drugs in the vehicle. Defendant denies that he ever consented to a search of his vehicle.

Sergeant Johnson, who also testified at the hearing, tells a substantially different story.  According to Sergeant Johnson, Defendant was under surveillance as part of a narcotics-trafficking investigation and Sergeant Johnson, along with a fellow Detroit Police Department Officer Keith Marshall, were following Defendant's vehicle as he drove on the highway.  As part of the narcotics investigation, Sergeant Johnson was aware that Defendant had an outstanding Friend of the Court warrant, and he planned to conduct an investigatory stop of Defendant.  While they were following Defendant's car, the officers observed Defendant abruptly change lanes without signaling, causing the car in front of the officers to swerve to the right.  The officers initiated a traffic stop, and pulled Defendant over to the side of the highway.  They noticed that Defendant looked nervous, his hands were shaking, and that he was unable to produce proof of insurance or registration.  Defendant told the officers that he had an outstanding warrant, and when they asked him whether there was anything in the car, such as weapons or drugs, Defendant told them "No there is nothing in the vehicle.  Go ahead

2

and search it."

The officers placed Defendant under arrest for the outstanding warrant, put him in handcuffs, and secured him in the back of their patrol car. At this point, Border Control Agent Jeremy Kenyon arrived on the scene with a drug-detection dog, Tigo. Defendant consented to the dog sniffing the exterior and interior of his vehicle. While the drug sniff occurred, Officer Johnson sat in the patrol car directly in front of Defendant, blocking Defendant's sight-line to the car. Officer Johnson testified that Defendant appeared concerned and tried to maneuver his body so that he could see around Officer Johnson to watch the dog's activities. Once the drug-sniff was over, and Officer Johnson had been told of Tigo's positive indication to contraband in Defendant's vehicle, Officer Johnson drove Defendant's car to a nearby precinct, while Officer Marshall transported Defendant to the precinct in his patrol car.

Agent Kenyon provided additional detail regarding Tigo's training and the search of Defendant's vehicle. Agent Kenyon testified that Tigo is trained for passive indication, which means that when he smells contraband, he does not bark, bite, or growl. Instead, he quietly points and stares at the source of the contraband. Agent Kenyon also testified that Tigo receives maintenance training every two weeks, and is re-certified as a drug-detection dog every two years. Turning to the search of Defendant's vehicle, Agent Kenyon stated that he arrived on the scene after Defendant was already secured in the Detroit police officers' patrol car. Agent Kenyon asked Defendant for permission to conduct a search of his car, to which Defendant replied: "I have nothing to hide. Go ahead." Agent Kenyon brought Tigo around the car, starting at the rear bumper. When Tigo reached the passenger door, he changed his posture

and began salivating and panting, which Agent Kenyon recognized as an alert to illegal contraband. Agent Kenyon let Tigo into the car, and Tigo promptly traced the smell of contraband to the driver's side speaker, where he sat and pointed. After Defendant's car was transported back to the local police precinct, Agent Kenyon used a tool to pry open the driver's window control console. He and Officer Johnson discovered a plastic bag containing 167 grams of crack-cocaine and a plastic bag containing 31 grams of heroin in the driver's side window-control console, above the speaker to which Tigo indicated.

## II. DISCUSSION

The Fourth Amendment of the U.S. Constitution provides, in relevant part: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]" Defendant argues that the police initiated his traffic stop without probable cause and that they searched his vehicle without probable cause to do so.

### A. The Traffic Stop

Although there is some disagreement in the Sixth Circuit regarding whether reasonable suspicion is sufficient to allow police to conduct a traffic stop, it is clear that probable cause to believe that a traffic violation has occurred or was occurring is sufficient to comply with the Fourth Amendment. *United States v. Ferguson*, 8 F.3d 385, 391 (6th Cir. 1993) (*en banc*). This required Officers Johnson and Marshall to have "reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion" that Defendant was committing a traffic violation at the time of the stop. *Id.* at 392. Michigan law requires drivers to signal before changing lanes on a highway.

Mich. Comp. Laws § 257.648. As stated above, Officer Johnson testified that he witnessed Defendant change lanes after failing to signal. The court credits Officer Johnson's testimony and finds that there was probable cause to stop Defendant's vehicle.

Regardless, the court notes that Officer Johnson also testified that there was an outstanding arrest warrant for Defendant. Officer Johnson stated that he knew of this warrant before conducting the traffic stop, that he was familiar with Defendant's appearance, and that he knew it was Defendant's car that he and Officer Marshall were following. Although not raised by the government in response to Defendant's motion to suppress, the existence of an outstanding arrest warrant and knowledge of Defendant's whereabouts would have provided Officer Johnson probable cause to stop Defendant's vehicle independent of whether Defendant failed to signal before changing lanes. Thus, even taking Defendant's statement that he properly signaled before changing lanes as true, the traffic stop was not an unreasonable seizure under the Fourth Amendment.

### B. The Search of Defendant's Vehicle

Defendant argues that the officers had no probable cause to search his vehicle. However, a dog sniff that reveals only the existence of illegal contraband "does not compromise any legitimate interest in privacy [and] is not a search subject to the Fourth Amendment." *Illinois v. Caballes*, 543 U.S. 405, 408 (2005) (citation omitted). Although Defendant argues that he was impermissibly detained while Agent Kenyon arrived on the scene with the drug-detecting dog, he does not dispute that he was under arrest subject to a valid warrant during this time. Further, Officer Johnson testified that the entire stop took only 30–45 minutes, which the court finds to be a reasonable period of

time given the nature of the stop, Defendant's suspicious behavior, and his known connections to narcotics trafficking. *See United States v. Garcia*, 496 F.3d 495, 504 (6th Cir. 2007). "It is well-established in this Circuit that an alert by a properly-trained and reliable dog establishes probable cause sufficient to justify a warrantless search of a stopped vehicle." *United States v. Hill*, 195 F.3d 258, 273 (6th Cir. 1999).

Once Tigo alerted to the odor of contraband outside of the vehicle, probable cause existed for the Officers to seize Defendant's car and conduct a more thorough search. *See Arizona v. Gant*, 556 U.S. 332, 347 (2009). Although Defendant cites *Gant* as support for his argument that the officer's search was illegal due to the fact that Defendant was safely restrained outside of the vehicle at the time of the search, *see id.* at 347, the officers did not rely on a search incident to arrest for their search of Defendant's vehicle. Rather, they relied upon the independent probable cause supplied by Tigo's indication that there was contraband inside of the car. Thus, the court concludes that the search of Defendant's car was reasonable, and exclusion of the crack-cocaine seized as a result of the search is not warranted.

### III. CONCLUSION

Accordingly,

IT IS ORDERED that Defendant's "Amended Motion to Suppress Evidence" [Dkt. # 20] is DENIED.

 s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: March 12, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 12, 2014, by electronic and/or ordinary mail.

                                           s/Lisa Wagner
                                           Case Manager and Deputy Clerk
                                           (313) 234-5522