**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No. 13-20947

RICARDO FONVILLE,

    Defendant.
                                                      /

**OPINION AND ORDER GRANTING DEFENDANT'S "MOTION FOR AN INDICATIVE RULING WHILE APPEAL IS PENDING" AND PROVIDING INDICATIVE RULING**

Defendant Ricardo Fonville was convicted by a jury of one count of possession with intent to distribute crack cocain. He was sentenced to 97 months imprisonment and thereafter filed a timely notice of appeal. New counsel was appointed to represent Defendant on appeal. On July 21, 2015, Defendant filed a motion in the Sixth Circuit asking to remand the case so that he could raise a late ineffective-assistance-of-counsel claim. The motion also stated that Defendant would move this court to enlarge the record to include evidence, a letter, that would allegedly be relevant to an already-decided motion to suppress. The Sixth Circuit denied Defendant's request, stating that it found "no authority supporting Fonville's assertion that he may seek such relief while his appeal is pending." *United States v. Fonville*, No 14-2457 (6th Cir. Sep. 21, 2015). The Sixth Circuit also noted, however, that Federal Rule of Criminal Procedure 37(a) provides that if a party seeks relief in the district court that is barred by a pending appeal, the district court may either 1) defer a ruling on the motion; 2) deny the motion; or 3) state either that it would grant the motion if the case were remanded or that the motion raises a substantial issue. *Id.* Acting on this tip, Defendant has returned to this court to seek relief.

Now pending before the court is Defendant's "Motion for Indicative Ruling While Appeal Is Pending." (Dkt. # 52.) The Government has responded to the motion, (Dkt. # 53), and Defendant has replied (Dkt. # 54). While Defendant has filed no underlying motion on which the court could issue an indicative ruling, for the following reasons, the court concludes that Defendant's allegations of ineffective assistance and his attempt to reargue the previously-denied motion to suppress are without merit and would be denied if properly presented to the court.

## I. BACKGROUND

Defendant was arrested on an outstanding warrant for failure to pay child support after a valid traffic stop. At that time, he allegedly informed the arresting officers that he was in possession of a Friend of the Court letter indicating his child support case had been closed because his daughter was an adult. (Def.'s Mot. 3.) The officers did not act on that information and instead relied on a police database indicating that the warrant was valid. (Dkt. # 25, Pg. ID 105.) After he was arrested, the police brought a drug-sniffing dog to the car. The dog alerted, indicating the presence of narcotics. At that point, the officers took the car to a nearby police precinct, conducted a more thorough search, and found drugs hidden in the speaker.

At a hearing on Defendant's motion to suppress the drug evidence, Defendant's trial counsel challenged the traffic stop and search of the vehicle, but conceded that the warrant was valid and outstanding. (Dkt. # 25, Pg. ID 129.) The court found that Defendant was properly detained under a valid warrant while the police waited for the dog to arrive and sniff. (Dkt. # 22, Pg. ID 71.) As the dog sniff provided probable cause to search the car, the court denied Defendant's motion to suppress.

## II. DISCUSSION

"As a general rule the filing of a notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals." *Cochran v. Birkel*, 651

F.2d 1219, 1221 (6th Cir. 1981). However, Federal Rule of Criminal Procedure 37(a) allows a court to indicate how it would rule "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal." While no timely motion has been made here, and thus there is no underlying motion on which the court could issue an indicative ruling, the court will construe Defendant's pending motion as a late-filed motion for a new trial based on ineffective assistance of counsel. The court would deny such a motion.

The Sixth Circuit has held that, in some cases, a district court may hear a late-filed motion for a new trial when ineffective assistance of counsel caused the untimely filing. *United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010). In addressing the concern that such a holding might "invite a deluge of opportunistic Rule 33 motions," the Sixth Circuit stated, "common sense suggests that district courts are capable of distinguishing clearly frivolous ineffective-assistance allegations from those with potential merit, and that—especially given the already overcrowded state of most district-court dockets—late-filed motions will not routinely be indulged." *Id.* at 373 n. 8. This case is an example of such a frivolous allegation.

Defendant's ineffective assistance allegations are based on the letter that he believes absolved him of any child support obligations and invalidated the warrant upon which he was arrested. There is no reason to believe that the proffered letter would have such an effect. As the Government points out, "[i]t is entirely likely that an arrest warrant for outstanding [child support] arrears will survive past the closing of a child support case." (Gov't Br. 5.) Indeed, the letter itself indicates that the child-support case is a different animal than the collection case: "If your child support case is closed, the Friend(s) of the Court may also close its support case." (Dkt. 52. Pg. ID 731.) While at the time of the arrest Defendant may have had a letter proving he had no continually accruing, future obligation to pay child support for his adult daughter, this says nothing

about the warrant for his *past* failure to pay child support and Michigan's right to enforce payment of child support in arrears. This conclusion is supported by federal regulations, which state that a child-support case is eligible for closure when "[t]here is no longer a current support order and arrearages are under $500 *or enforceable under State law.*" 45 C.F.R. § 303.11(b)(1) (emphasis added). Defendant offers no reason, other than his own seemingly incorrect reading of the letter, to believe that the warrant should have been or was in fact canceled. Thus, this court would hold that Defendant's trial counsel was not ineffective in failing to offer the letter during the suppression hearing because the letter would not have altered the Fourth Amendment analysis.

Additionally, this court would decline to enlarge the record to include the letter at issue. In some cases, Federal Rule of Appellate Procedure 10(e) allows a district or appellate court to correct and supplement a record. However, "[t]he purpose of . . . [Rule 10(e)(2)] is to allow the [] court to correct omissions from or misstatements in the record for appeal, not to introduce new evidence in the court of appeals. *United States v. Smith*, 344 F.3d 479, 486 (6th Cir. 2003) (quoting *S & E Shipping Corp. v. Chesapeake & Ohio Ry. Co.*, 678 F.2d 636, 641 (6th Cir. 1982)). Moreover, the Sixth Circuit has noted that a district court,

> does have limited discretion to modify or change the record on appeal. Specifically, Fed. R. App. P. 10(e) allows such modifications in two instances: (1) when the parties dispute whether the record actually discloses what occurred in the District Court and (2) when a material matter is omitted by error or accident. We have not allowed the rule to be used to add new evidence that substantially alters the record after notice of appeal has been filed; rather we have allowed enough modification to ensure the accuracy of the record. The term "error or accident" in Rule 10(e) "should be broadly interpreted to permit the record to be supplemented by any matter which is properly a part thereof. Omissions from the record may result from the error or inadvertence of the parties, the court reporter, the district court clerk or the judge."

*United States v. Barrow*, 118 F.3d 482, 487 (6th Cir. 1997) (quoting 9 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 210.08 (2d ed. 1980)). Defendant has not shown that there is a dispute over what the record actually shows, nor was the letter

here "omitted by error or accident." Defendant had an adequate opportunity to present his argument and the letter while litigating his motion to suppress. As discussed above, it cannot be said that failure to do so was an error, as opposed to a choice. It appears that Defendant's trial counsel shared this court's conclusion that the letter does not support current counsel's arguments about the invalidity of the arrest warrant. That Defendant now wishes he had advanced different arguments in the district court is not a reason to enlarge the record on appeal.

## IV. CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendant's motion for an indicative ruling is GRANTED. The court would DENY Defendant's request to enlarge the record, DENY the request to hold a hearing on the ineffective assistance of counsel allegations, and DENY the request to entertain rehashed suppression arguments.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: December 9, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 9, 2015, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\SMQ\Criminal\13-20947.FONVILLE.denyMotForIndicativeRuling.smq.wpd

5