# UNITED STATES DISTRICT COURT
# EASTERN DIVISION OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

             Plaintiff,

v.                                                    Case No. 13-20947

RICARDO FONVILLE,

             Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S
## MOTION FOR RECUSAL

Pending before the court is Defendant's Motion for Recusal. (Dkt. #59.) The Government has not filed a response, but the court deems that none is necessary. Defendant requests the recusal of District Judge Robert H. Cleland from his habeas petition on the basis that Judge Cleland was insufficiently stern in stopping the Government's examination of a probation officer on the subject of Defendant's prior convictions after Defendant invoked his Fifth Amendment right against self-incrimination.

Even assuming, as Defendant argues, that "this profound act . . . was highly prejudicial[,]" the court concludes that this is an insufficient ground upon which to justify recusal. Recusal at this stage is governed by 28 U.S.C. § 455, which states that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). It also lists specific circumstances wherein recusal is necessary, construing Defendant's motion charitably, the only possibly applicable example is "[w]here he has a personal bias or prejudice concerning a party, or personal

knowledge of disputed evidentiary facts concerning the proceeding[.]" 28 U.S.C. § 455(b)(1).

Neither category applies in this case. Here, Defendant makes absolutely no allegation of the presence of bias beyond what has occurred at ordinary court proceedings. The Sixth Circuit has declined to require recusal where "[n]o objective evidence of personal or extrajudicial bias exists[.]" *United States v. Stiger*, 42 F. App'x 774, 775 (6th Cir. 2002) ("A party's subjective belief that a judge is biased does not merit relief."). Due to the absence of any evidence or even allegation of a personal bias against Defendant beyond what he argues were missteps in the ordinary administration of trial proceedings, recusal is not appropriate. Accordingly,

IT IS ORDERED that Defendant's Motion for Recusal (Dkt. #59) is DENIED.

     S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  March 23, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 23, 2017, by electronic and/or ordinary mail.

     S/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522