**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Criminal Case No. 13-20947
                                            Civil Case No. 17-11791

RICARDO FONVILLE,

    Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255, DENYING DEFENDANT'S MOTION TO AMEND, AND DENYING AS MOOT DEFENDANT'S MOTIONS TO COMPEL**

Ricardo Fonville was convicted by a jury of possession with intent to distribute 28 grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1). (ECF No. 33.) He was sentenced to 97 months imprisonment. (ECF No. 40, PageID.244.) His conviction and sentence were affirmed by the Sixth Circuit on direct appeal. (ECF No. 57.)

Before the court is Defendant's Motion to Vacate Sentence under 28 U.S.C. § 2255. (ECF No. 62.) The government filed a response (ECF No. 67), and Defendant filed a reply (ECF No. 69). Defendant also filed a Motion to Amend the § 2255 motion (ECF No. 70) and two Motions to Compel the resolution of his § 2255 motion (ECF Nos. 71, 72). For the reasons stated below, Defendant's Motion to Vacate Sentence and Motion to Amend will be denied, and the Motions to Compel will be denied as moot.

**I. BACKGROUND**

This case arises out of a traffic stop on October 17, 2013. Defendant was driving on I-94 and pulled over by the police after changing lanes without signaling. Defendant had been under investigation by the DEA for suspected narcotics trafficking, and the

police officers were aware that there was an active warrant for his arrest. (ECF No. 25, PageID.89–91, 127–28.) According to the officers, Defendant consented to a search of the vehicle. (*Id.*, PageID.97, 99.) A drug-sniffing dog arrived at the scene and alerted to the presence of drugs in the vehicle. Defendant was arrested, and the vehicle was removed to the local police precinct. There, the vehicle was searched more thoroughly, and over 100 grams of crack cocaine were found in the driver's side window-control console.

After being indicted by a grand jury for possession with intent to distribute crack cocaine, Defendant filed a Motion to Suppress challenging the legality of the search and seizure. (ECF Nos. 17, 20.) The court held a hearing on the motion. (ECF No. 25.) The officers testified that when they conducted the traffic stop, Defendant volunteered he had an outstanding warrant for nonpayment of child support. (*Id.*, PageID.95–96.) The court asked if there was any contest about whether the warrant was outstanding. (*Id.*, PageID.129.) Defense counsel responded that there was not. (*Id.*) Defendant testified that he told the officers that he might have a child support warrant but was not sure because there were also papers stating his child support obligation had ended now that his daughter was 23 years old. (*Id.*, PageID.148.) The court denied the Motion to Suppress, indicating that either the outstanding warrant or the traffic violation would constitute sufficient probable cause to stop Defendant's vehicle. (ECF No. 22, PageID.71.)

Defendant proceeded to a jury trial, was convicted, and was sentenced. (ECF Nos. 33, 40.) He appealed. (ECF No. 41.) Defendant's arguments on appeal challenged, *inter alia*, his arrest and the search of his car under the Fourth Amendment

and the court's decision not to apply a two-level decrease in his criminal-offense level for acceptance of responsibility. (Brief of Appellant at 48–54, *United States v. Fonville*, No. 14-2457 (6th Cir. 2016)). Defendant also filed with the Sixth Circuit a motion to remand the case in order to enlarge the record to include a Friend of the Court letter indicating that his child-support case was closed at the time of his arrest. The motion to remand the case was denied (ECF No. 51), and Defendant filed a motion in this court for an indicative ruling while the appeal was pending. (ECF. No. 52.) The court provided an indicative ruling that Defendant's ineffective assistance of counsel claim was without merit and that that the court would decline to enlarge the record to include the Friend of the Court letter. (ECF No. 56.) The Sixth Circuit affirmed Defendant's conviction and sentence. (ECF No. 57.)

## II. STANDARD

Under § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). This statute "is not a substitute for a direct appeal," and "a prisoner must clear a significantly higher hurdle than would exist on direct appeal" to merit relief. *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *United States v. Frady*, 456 U.S. 152, 166–68 (1982)). Consequently, "[t]o prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or

3

influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

Defendant's motion is grounded in part upon the alleged inadequacy of his legal representation. To establish ineffective assistance of counsel under the Sixth Amendment, Defendant must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, Defendant must show that his counsel's performance was deficient, which "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Next, Defendant "must show that the deficient performance prejudiced the defense." *Id.* This requires that Defendant "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 695

The government raises procedural default as a defense to Defendant's other claims. When a defendant fails to raise a claim on direct appeal, it is procedurally defaulted. *See Bousley v. United States*, 523 U.S. 614, 622 (1998). Such a claim "may only be raised on habeas 'if the defendant can first demonstrate either "cause" and actual "prejudice," or that he is "actually innocent."'" *Vanwinkle v. United States*, 645 F.3d 365, 369 (6th Cir. 2011) (quoting *Bousley*, 523 U.S. at 622). Defendant cites ineffective assistance of counsel as an explanation for his failure to raise his other claims on direct appeal. For attorney error to constitute cause for procedural default, it must rise to the level of constitutionally ineffective assistance of counsel. *See Barrow v. United States*, 8 F.App'x 286, 288 (6th Cir. 2001) (citing *Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994)).

## III. DISCUSSION

Defendant lists four grounds for his § 2255 motion: ineffective assistance of counsel, violation of Due Process, violation of the Confrontation Clause, and unlawful search and seizure. (ECF No. 62, PageID.784–88.) These claims largely stem from Defendant's "Statement of Facts," which presents a novel account of the facts underlying the case. (*Id.*, PageID.797–99.) There, Defendant states that he hired a plumber named "Wizz" to work on his property. He explains how Wizz came to develop a grudge against him because of his former relationship with Wizz's wife, Sharon. (*Id.*) Defendant claims that Wizz went on to act as confidential informant for the government and planted the crack cocaine found in the vehicle that led to Defendant's arrest. (*Id.*)

This version of the facts, the government points out, directly contradicts both the record and Defendant's argument on appeal. (ECF No. 67, PageID.844.) At sentencing, Defendant testified as follows: "I admitted to the Government myself even before I was indicted . . . I didn't lie. I told the truth . . . I admitted to everything. I admitted to the drugs. I admitted to where I was going with the drugs. I told them who I was even going to see with the drugs. I admitted to everything." (ECF No. 50, PageID.696–97.) On appeal, Defendant argued that the court should have granted him a two-level decrease in his criminal offense level based upon his acceptance of responsibility, citing as relevant facts that Defendant admitted the crime to the police officers at the time of his arrest; admitted the crime at the evidentiary hearing under oath; was debriefed by the government prior to trial; and attempted to enter a conditional plea. (Brief of Appellant at 48–54, *United States v. Fonville*, No. 14-2457 (6th Cir. 2016)). With this background, the court will consider each of Defendant's arguments in turn.

5

## A. Ineffective Assistance of Counsel

Defendant's first ineffective-assistance-of-counsel argument is based on his attorney's failure to reasonably investigate whether a child support warrant was outstanding at the time of the traffic stop. (ECF No. 62, PageID.784.) Defendant claims that had his counsel done so, he would have found that Defendant's child support case was closed, and this information would have rendered the search of his vehicle and subsequent arrest unconstitutional. (*Id.*, PageID.800.) Furthermore, this information could have been used to impeach government witnesses who testified that Defendant had an outstanding warrant for his arrest. (*Id.*, PageID.802–03.)

This argument fails because Defendant does not show he was prejudiced by defense counsel's decision not to investigate the warrant further. The record supports that there was an outstanding warrant. As the court has stated before, while Defendant believed his Friend of the Court letter was important evidence, he offers no reason other than his own seemingly incorrect reading of the letter to show that it might have impacted his warrant. (ECF No. 56, PageID.750.) Moreover, Defendant has not shown that the results of the proceeding would have been different had counsel conducted such additional investigation into the status of the warrant. As the government points out, the court found that there was independent probable cause for the traffic stop based upon the traffic violation. (ECF No. 67, PageID.840–43; ECF No. 22, PageID.71.) Because Defendant does not show prejudice under *Strickland*, this argument fails.

Defendant also argues ineffective assistance of counsel based on his attorney's failure to subpoena Wizz as a witness and failure to obtain surveillance videos showing Wizz driving the vehicle. (ECF No. 62, PageID.790, 809.) He argues that this evidence

6

could have answered a jury question about who was seen driving the vehicle, which "was of enormous importance to Fonville's defense of (1) not knowing the drugs were hidden in the Durango, and (2) that Wizz held a psychotic grudge because of Sharon and had the means, motive and opportunity to plant the crack in the Durango." (*Id.*, PageID.809.) This argument goes against the testimony of both the officers and Defendant at the hearing, as well as Defendant's statements at his sentencing admitting the drugs. (*See* ECF No. 50, PageID.696–97.) Because "[a]n allegation entirely unsupported by the record cannot meet the prejudice component of the *Strickland* inquiry," *Ross v. United States*, 339 F.3d 483, 494 (6th Cir. 2003), Defendant's arguments based on his attorney's failure to call Wizz as a witness and obtain surveillance videos fail.

### B. Violation of Due Process

Defendant next argues that his Fifth Amendment right to Due Process was violated because the government offered false and fabricated evidence against him, rendering the criminal proceedings unfair. (ECF No. 62, PageID.785, 804–09.) The "tainted evidence" he refers to is the testimony of the officers. Specifically, Defendant argues that the government witnesses were lying when they testified that they were aware of a warrant for his arrest and lying about Defendant consenting to a search of the vehicle. (*Id.*, PageID.805.) Defendant argues that "[t]he Wayne County Friend of the Court documents do not support the testimony of the various police who testified in this case" and points out that there was no audio or video evidence of the stop to back up the officers' story. (*Id.*)

7

This claim fails for several reasons. While Defendant invokes law about the deliberate falsification and tampering of evidence, he does not prove any such conduct by the officers here. The fact that Defendant disputes the officers' testimony does not show or even suggest that the testimony is perjured, falsified, or fabricated. Indeed, the court accepted their testimony.

Similarly, Defendant's theory that Wizz provided false information to law enforcement and planted drugs in Defendant's vehicle does not pertain to whether the officers intentionally presented fabricated evidence. Nor does the court accept Defendant's novel version of the facts. Rather, the court credits Defendant's sworn testimony at his sentencing that he admitted possession of the drugs and where he was going with them. This testimony undermines his new argument that the crack was planted by Wizz.

**C. Violation of the Confrontation Clause & Unlawful Search and Seizure**

Defendant lists as his third and fourth grounds for relief violation of the Sixth Amendment's Confrontation Clause and the Fourth Amendment protection against unlawful search and seizure. (ECF No. 62, PageID.787–88.) The former claims that the DEA agents' testimony about their investigation included testimonial statements from a confidential informant in violation of *Crawford*. (*Id.*, PageID.811). The latter ground is not developed in the brief at all but merely states that crack cocaine planted by the government's confidential informant made it impossible for Defendant to have a fair hearing on his motion to suppress the drugs. (*Id.*, PageID.788). As the government points out (ECF No. 67, PageID.845–47), both of these claims are procedurally defaulted because Defendant did not raise them on appeal.

Defendant cites ineffective assistance of counsel as the reason he did not raise these claims on appeal. (*Id.*, PageID.1789–90.) He does not, however, make any showing to support this explanation. Then in his reply, Defendant states that he "is actually innocent of possessing the crack planted in the Durango." (ECF No. 69, PageID.862.) "To establish actual innocence, a petitioner must demonstrate that 'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Penney v. United States*, 870 F.3d 459, 462 (6th Cir. 2017) (quoting *Bousley*, 523 U.S. at 623.) Defendant fails to demonstrate this. The court wholly rejects his new account of the facts and is persuaded by his prior statements under oath. Thus, Defendant fails to overcome the procedural bar.

### D. Motion to Amend & Motions to Compel

Defendant moves to amend his § 2255 motion based on *Ayestas v. Davis*, 138 S. Ct. 1080 (2018), which held that the Fifth Circuit applied an incorrect legal standard in denying funding requests under 18 U.S.C. § 3599(f), which allows a court to authorize investigative services "reasonably necessary for the representation of the defendant." *Id.* at 1087–88, 1095. (ECF No. 70.) Defendant argues that this case supports his ineffective assistance of counsel claim because "a reasonable [sic] paid attorney, with funds at his disposal, would have considered the information provided by Fonville to be 'sufficiently reasonable' to warrant investigating" of the validity of his child support warrant. (*Id.*, PageID.871.) Because the court has already rejected the argument that further investigation of the warrant was required by defense counsel, Defendant's amendment would be futile and this motion will be denied. Finally, Defendant filed two

Motions to Compel requesting the court resolve his § 2255 motion. (ECF Nos. 71–72.) They are rendered moot by this order.

## IV. CONCLUSION

Because Defendant has failed to make the required showing to establish a claim for ineffective assistance of counsel or other error meriting relief, the court will deny his Motion to Vacate. The court will deny his Motion to Amend because it would be futile. The court will also deny a certificate of appealability because jurists of reason would not debate the court's analysis with respect to Defendant's claim. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Accordingly,

IT IS ORDERED that Defendant's § 2255 Motion to Vacate Sentence (ECF No. 62), Motion to Amend (ECF No. 70), and a Certificate of Appealability are DENIED.

IT IS FURTHER ORDERED that Defendant's Motions to Compel the resolution of his § 2255 Motion (ECF Nos. 71, 72) are DENIED AS MOOT.

                                            s/Robert H. Cleland              /
                                            ROBERT H. CLELAND
                                            UNITED STATES DISTRICT JUDGE

Dated: August 12, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 12, 2019, by electronic and/or ordinary mail.

                                            s/Lisa Wagner                  /
                                            Case Manager and Deputy Clerk
                                            (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\13-20947.FONVILLE.Deny2255.docx